

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clifford B. Jones, President
Texas Technological College
Lubbock, Texas

Dear Sir:

Opinion No. O-1606
Re: Construction of language
used in Article 2663b,
Vernon's Texas Civil
Statutes, 1925.

We are in receipt of your letter of October 17,
1939, which reads as follows:

"In connection with existing stat-
ute providing that a student who entered
college after September 1, 1937, must
have credit for 6 semester hours in the
governments of the State of Texas or of
the United States of America, or the
equivalent in both, it will be deeply
appreciated if at your convenience you
will be kind enough to construe for us
the word "college". Does this mean any
college either within or without the
State of Texas, or is it limited to
Texas tax-supported colleges? If the
latter is the interpretation, may it be
assumed that municipal junior colleges
constitute under that statute, tax-sup-
ported colleges?

"May we please submit another ques-
tion - a specific case? Our records
show that one of our students entered
the Eastern New Mexico Junior College in
the fall of 1936 and completed two years
of work there. He registered here in the
fall of 1938. He will request that he be

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

allowed in due course of time to be grad-
uated under the provisions of the Texas
law which we believe provides that a stu-
dent entering a public, tax-supported col-
lege prior to September 1, 1937, may sat-
isfy the government requirement by pass-
ing a two-hour course.  Therefore the
question presents itself - does entrance
in a tax-supported institution in another
State prior to September 1, 1937, entitle
the student to graduate in Texas under the
two semester hours requirement?"

Apparently the statute to which you refer is Arti-
cle 2663b-1, Vernon's Texas Civil Statutes, 1925, being Acts
of the Forty-first Legislature, 1929, Second Called Session,
p. 164, ch. 83; as amended by Acts of the Forty-first Legis-
lature, 1930, Fourth Called Session, p. 5, ch. 5; as amended
by Acts of the Forty-fifth Legislature, 1937, p. 482, ch. 244;
as amended by Acts of the Forty-sixth Legislature, 1939, House
Bill No. 617.

We confine our opinion to a construction of the ap-
parent meaning of the language used therein.

Sections 2 and 4 of the above Act read as follows:

"Section 2.  There shall be given
in all colleges and universities sup-
ported by public funds a course in Ameri-
can Government with special emphasis
upon the Constitution of the United
States and of Texas, which course shall
be given for at least three fifty-
minute periods per week for not less
than twelve consecutive weeks, or its
equivalent if given in summer sessions.
No student shall be graduated from any
such college or university who has not
passed a satisfactory examination in
such college or university course in the
college or university from which he is
graduating or in some other college or
university which he may have attended
previously.

"Section 4.  No person hereafter
shall be certified to teach in the

publia schools of the State of Texas
until he has secured credit for the
course in both Federal and State Con-
stitutions of the grade of instruc-
tion upon which he is applying for
the certificate, that is either of
the subcollege or of the college work;
or in lieu thereof shall have passed
an examination set by the State Super-
intendent of Public Instruction on the
Constitutions of the United States and
Texas; provided, that any person who
has to his credit in any standard col-
lege or university of Texas as much as
six (6) hours of American Government
shall be deemed to have met the re-
quirements of this Section.  <u>Provided
further, that after September 1, 1937,
no student shall be certified for grad-
uation from any tax supported State
educational institution with the award
of a college degree unless such student
shall have completed theretofore in a
standard college or university at least
six (6) hours for credit in the govern-
ments of the State of Texas or of the
United States of America, or the equiv-
alent in both;</u> or shall have completed
at least three (3) hours of said credit
in Government and at least three (3)
hours of credit in a course in Military
Science as provided in an approved
senior R. O. T. C. unit."

In Senate Bill No. 179, Chapter 83, Acts Forty-
first Legislature, Second Called Session, it was provided
that the terms of such Act should not apply to any student
graduated before September 1, 1930.  In 1930, the Forty-
first Legislature, Fourth Called Session, Senate Bill No.
17, Chapter 5, amended Section 5 of Chapter No. 83, Second
Called Session, Forty-first Legislature so as to provide
that the terms of the bill "should not be applied to, or
affect, any student who commenced his studies leading to a
degree, in any of the State institutions with the required
credits prior to the time this Bill (Senate Bill No. 17) was
enacted into law".  The policy of such legislation being that
students already enrolled in State institutions might other-

Honorable Clifford B. Jone, Page 4

wise, in some instances, be denied the privilege of graduation, they having entered such school and arranged their courses in reliance upon then existing requirements.

Although it is well settled that a concurrent resolution cannot amend a statute or existing law, nevertheless such resolution represents a construction or expression of intention on the part of the Legislature, and may be persuasive in ascertaining the meaning of a statute when the law in question is ambiguous and susceptible to several constructions, any one of which might reasonably be indicative of the legislative intent in passing the Act.

House Concurrent Resolution No. 124, Forty-fifth Legislature, 1937, Regular Session, p. 1629, which refers to the amendment to Section 4 underlined above, reads, in part, as follows:

"WHEREAS . . . It was evidently the intent of the Legislature to have only those who enter college after September 1, 1937, to meet this requirement, for any other interpretation would be illogical, unreasonable, unfair, and contrary to all academic practice; now therefore, be it

"RESOLVED, by the House of Representatives and the Senate concurring, That said proviso shall be so construed and applied to affect only those students who enroll in such institutions after September 1, 1937, and shall not apply to students who enroll in the tax supported colleges or universities before said date."

We think it is clear that in House Concurrent Resolution No. 124 the Legislature had in mind and referred to students who enrolled in tax supported colleges or universities, in the State of Texas, after September 1, 1937. As originally enacted in 1930, as shown by Section 5 mentioned above, the exemption applied only to those students who commenced studies leading to a degree in State colleges and universities supported by public funds. No doubt this was intended to refer only to those colleges or universities to which the teaching requirement in Section 2 applied and was confined to

Texas colleges or universities supported by public funds.

It is our opinion that the Legislature, by the use of the language contained in the proviso in Section 4, Article 2663b, above quoted, intended that the six hour requirement in government to graduate from a Texas tax supported State educational insitution, being a college or university supported by public funds in the State of Texas, should apply to all students who had not enrolled in such a school on or before September 1, 1937, although such student might have been enrolled in a school in this state, other than those above described, or in a school in another state.

More specifically answering your last question, it is our opinion that the Legislature did not intend that entrance in a tax supported institution in New Mexico prior to September 1, 1937, should entitle a student to graduate from a Texas college or university supported by taxes or public funds, under the two semester hours requirement.

With reference to your question as to whether municipal junior colleges constitute tax supported colleges under the statute, we assume that you refer to those colleges authorized to be created under Acts of 1929, Forty-first Legislature, p.647, Chapter 290, and amendments thereto, appearing in Vernon's Texas Civil Statutes as Article 2815h.

It will be noted that under the provisions of the above Act, such junior colleges are subject to the jurisdiction of the State Board of Education, and a local school board. The Junior College District is given power to issue bonds, levy taxes to service same, and levy and collect taxes for its support and maintenance. The course of study offered in such junior college must be submitted to and approved by the State Department of Education before it may be offered.

It is our opinion that junior colleges provided for in Article 2815h, Vernon's Texas Civil Statutes, 1925, are tax supported State educational institutions within the meaning of the proviso in Section 4, Article 2663b, Vernon's Texas Civil Statutes, 1925.

APPROVED NOV 7, 1939

Gerald C. Mann

ATTORNEY GENERAL OF    S

CCC:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Cecil C. Cammack
    Cecil C. Cammack

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN